UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS MARCELO C.B.,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-02058-TLN-CSK

A # 221-492-041

**ORDER**

This matter is before the Court on Petitioner Luis Marcelo C.B.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) On March 18, 2026, Respondents filed an opposition. (ECF No. 6.) On March 20, 2026, Petitioner filed a reply. (ECF No. 7.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

I.      FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on October 15, 2019. (ECF No. 2-1 at 3.) On December 10, 2025, Petitioner was detained by immigration officials. (*Id*.) On February 2, 2026, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.* at 5.) On February 3, 2026, an immigration judge denied Petitioner's request for bond redetermination for lack of jurisdiction pursuant to 8 U.S.C. § 1225(b). (*Id.*)

On March 16, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF

1

No. 1.)  Petitioner challenges the lawfulness of his civil detention.  (*Id.*)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 26.)  In opposition, Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF No. 6 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts evaluate procedural due process claims in two steps: the first asks whether there exists a protected liberty interest, and the second examines the procedures necessary to ensure any

deprivation of that interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

First, the Court finds Petitioner has a protected liberty interest in his continued freedom. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025).

Second, the Court finds that pursuant to the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention.  *See C.C. v. Warden of the Cal. City Correction Ctr, et al., No. 2:26-CV-00958-TLN-DMC, 2026 WL 808055, at *5 (E.D. Cal. Mar. 24, 2026*).  He received neither.  Accordingly, the Court finds Respondents violated Petitioner's due process rights. [1]

Therefore, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

**IV.   CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.      Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.      Respondent must IMMEDIATELY RELEASE Petitioner from custody.  The Clerk of the Court is directed to serve California City Correctional Center with this order. **Respondent must file a notice certifying compliance with this provision of the Court's Order by April 9, 2026**.

3.      Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the

---

[1]      Petitioner also challenges his detention as violating the Immigration and Nationality Act. (ECF No. 1 at 27.)  As the Court concludes Petitioner's detention violates the Due Process Clause, the Court need not address Petitioner's statutory claim.

reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

4.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 7, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4